NOTICE
Decision filed 08/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260483-U

NO. 5-26-0483

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* PARENTAGE OF CALI F., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Christopher F., | ) | Randolph County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-FA-20 |
| | ) | |
| Amber H., | ) | |
| | ) | |
| Respondent | ) | Honorable |
| | ) | Lucas H. Liefer, |
| (Christina B., Interested Party/Legal Guardian-Appellant)). | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where appellant failed to provide an adequate record on appeal, we find there was no error, and affirm the order of the circuit court of Randolph County which denied her petition for rule to show cause.

¶ 2   Christina B., an interested party and legal guardian of the minor, appeals *pro se* the circuit court of Randolph County's May 13, 2026, order, which denied her petition for rule to show cause.

¶ 3                               I. BACKGROUND

¶ 4   This case began on April 12, 2024, when Christopher F. filed a petition to establish parentage and parental responsibility regarding Cali F., age 6. The petition noted that Christina is the minor's maternal grandmother, and that Cali had been living with Christina by agreement of

the parties. Christina was the minor's short-term guardian. A guardianship action regarding Cali was pending in Randolph County, case No. 23-GR-17, at the time the petition was filed. On May 24, 2024, Christina filed a counterpetition for allocation of parental responsibilities, parenting time, and support.

¶ 5    On July 17, 2024, the circuit court entered an order in the present action appointing Christina as Cali's temporary guardian through September 10, 2024, as the short-term guardianship was set to expire by its own terms on July 20, 2024. Following a hearing on September 10, 2024, Christina was appointed as Cali's plenary guardian. Additionally, the order provided that physical custody of Cali would remain with Christina and that Christina was granted authority to make all day-to-day, medical, and educational decisions on behalf of Cali and manage her finances.

¶ 6    An order was entered on June 10, 2025, in both the present case and the guardianship case, which provided that 23-GR-17 was called for hearing and the guardianship petition was granted over Christopher's objection, and that a formal order would follow. That formal order is not contained within the record on appeal regarding 24-FA-20.

¶ 7    On July 29, 2025, an agreed order was entered regarding parental allocation. The order provided for Christopher to have visitation with Cali, but otherwise, Christina, as legal guardian, had sole decision-making and parenting time, subject to the agreed visitation schedule.

¶ 8    On October 15, 2025, Christina filed a "Motion to Restructure of Visitation of [Christopher]." This was resolved by a subsequent agreed order on February 3, 2026.

¶ 9    On March 18, 2026, Christina filed a "Petition for Rule to Show Cause and For Finding of Indirect Civil Contempt," which alleged Christopher violated the February 3, 2026, order.

2

Christina alleged that Christopher violated the order on March 13 and March 14, 2026, when he refused to provide Christina with the name and location of a stylist who braided Cali's hair.

¶ 10     A hearing on the petition for rule to show cause was held on May 13, 2026, and the petition was denied. An additional order entered on May 13, 2026, found that "[a]ll exhibits filed by [Christina] on April 21, 2026 and April 27, 2026 are stricken from the record." Christina filed a timely notice of appeal on May 27, 2026.

¶ 11                                     II. ANALYSIS

¶ 12     On appeal, Christina alleges that the circuit court's denial of the petition for rule to show cause was against the manifest weight of the evidence. Additionally, she alleges that the circuit court failed to identify and enforce the prior orders that governed decision-making regarding Cali.

¶ 13     Christopher did not file an appellee brief. We do not automatically reverse a circuit court's order when an appellee has not filed a brief. *People v. Williams*, 339 Ill. App. 3d 956, 958 (2003).

¶ 14     The circuit court's docket entry of May 13, 2026, indicates that a hearing was conducted on the petition for rule to show cause and that the parties were sworn and testified. However, the record on appeal in this case does not contain a report of proceedings or an acceptable substitute such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). The appellant bears the burden of presenting an adequate record to support any claimed errors, and any doubts arising from an inadequate record will be construed against the appellant. *People v. Hunt*, 234 Ill. 2d 49, 58 (2009). Where, as here, the record on appeal is incomplete and fails to demonstrate the error alleged, we will not speculate as to what, if any, errors the circuit court may have committed. *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757 (2006). Instead, we " 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the [circuit] court ruled or acted correctly.' " *Id.* at 757-58 (quoting *People v.*

3

*Majer*, 131 Ill. App. 3d 80, 84 (1985)). Accordingly, we affirm the circuit court's denial of the petition for rule to show cause.

¶ 15                                  III. CONCLUSION

¶ 16    For the foregoing reasons, we affirm the May 13, 2026, order of the circuit court of Randolph County.

¶ 17    Affirmed.